Case 3:21-cr-00012-BJB  Document 97  Filed 08/05/22  Page 1 of 9 PageID #: 423

FILED
JAMES J. VILT JR,
CLERK
August 5, 2022
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA							PLAINTIFF

v.								CRIMINAL ACTION NO. 3:21-CR-12-BJB

PHILLIP BARNES									DEFENDANTS
NATHANIEL DURHAM
JEREMY COSBY

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS
*-- Filed Electronically --*

Comes now the United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, and submits the following proposed instructions to the jury. All instructions below are drawn from the Sixth Circuit Pattern Criminal Jury Instructions, current through February 3, 2022. The United States requests leave to supplement these instructions should any additional issues arise during trial that so require.

## DEFINING THE CRIME AND RELATED MATTERS

**2.01 INTRODUCTION**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

[(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.]

**2.02 DEFINITION OF THE CRIME**
**12.01 Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1))**

(1) Count [3, 4 or 5] of the indictment charges the defendant with being a convicted felon in possession of a firearm.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A)  First:  That the defendant has been convicted of a crime punishable by imprisonment for more than one year. [The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year.]
>
> (B)  Second:  That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.
>
> (C) Third:  That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year. [The government and the defendant have agreed that defendant knew he had been convicted of a crime punishable by imprisonment for more than one year.]
>
> (D) Fourth:  That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

(2) Now I will give you more detailed instructions on some of these elements.
> (A) **ACTUAL AND CONSTRUCTIVE POSSESSION:** Next, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime.  The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.
>> (i) To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.
>> (ii) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over firearm at some time, either directly or through other persons.
>> (iii) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.
>> (iv) But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime.  This, of course, is all for you to decide.

(B) **JOINT POSSESSION:** One more thing about possession.  The government does not have to prove that the defendant was the only one who had possession of the firearm.  Two or more people can together share actual or constructive possession over property.  And if they do, both are considered to have possession as far as the law is concerned.  But remember that just being present with others who had possession is not enough to convict.  The government must prove that the defendant had either actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime.  This, again, is all for you to decide.

The defendant does not have to own the firearm in order to possess the firearm.

(B)  The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(C) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**2.04 ON OR ABOUT**

(1) Next, I want to say a word about the date mentioned in the indictment.

(2) The indictment charges that the crimes happened "on or about" December 3, 2020.  The government does not have to prove that the crimes happened on that exact date.  But the government must prove that the crime happened reasonably close to that date.

**2.08 INFERRING REQUIRED MENTAL STATE**

   (1) Next, I want to explain something about proving a defendant's state of mind.

   (2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

   (3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

   (4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

**2.10 ACTUAL AND CONSTRUCTIVE POSSESSION**

(1) Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(2) To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

(3) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over firearm, at some time, either directly or through other persons.

(4) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5) But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

## **SPECIAL EVIDENTIARY MATTERS**

### **7.02A DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

  (1) A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

  (2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**7.02B DEFENDANT'S TESTIMONY**

  (1) You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

  (2) You should consider those same things in evaluating the defendant's testimony.


**7.05A IMPEACHMENT OF DEFENDANT BY PRIOR CONVICTION**

  (1) You have heard that before this trial the defendant was convicted of a crime.

  (2) This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.  You cannot use it for any other purpose.  It is not evidence that he is guilty of the crime that he is on trial for now.

Respectfully Submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

*s/ Alicia P. Gomez*
Alicia P. Gomez
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-6326
(502) 582-5067 (fax)
alicia.gomez@usdoj.gov

**CERTIFICATE OF SERVICE**

On August 5, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

*s/ Alicia P. Gomez*
Assistant United States Attorney